THOMPSON, Judge.
Claimant appeals a workers’ compensation order awarding her an attorney’s fee of $75,000.00; 12 percent interest on unpaid medical bills and costs; and allowing the employer/carrier (EC) a credit against future compensation due in the amount of $25,000.00 which was paid in partial settlement of claimant’s tort action against various parties. We affirm in part and reverse in part.
The claimant contends: (1) that when the EC denies coverage to a permanent totally disabled claimant on the basis that the claimant’s injuries did not occur within the scope and course of her employment, the attorney’s fees awarded to claimant in successfully defeating the EC’s contentions should be based on the present value of all past and future benefits paid on behalf of or received by the claimant, including the present value of all future remedial care and attendant care; (2) that the claimant is entitled to interest on all sums paid to her, or on her behalf, which interest is to be computed from the date the sums should have been paid, to the date actually paid, where the EC has unsuccessfully denied coverage; and (3) that Aetna Life & Casualty (Aetna) failed to offer any proof that any sums were paid by Travelers Insurance Company (Travelers) on behalf of Maharaja of India, Inc. (Maharaja) and that Aetna was not therefore entitled, as a matter of law, to any setoff. The EC contend on cross-appeal that they are entitled to a $125,000.00 offset, the total amount received by the claimant in settlement of her tort action, rather than the $25,000.00 offset provided by the final order.
*463 The claimant was rendered a quadriplegic in an automobile accident occurring on January 20, 1983. The car in which she was riding had been provided by the claimant’s employer and was being driven by a coworker. Following the accident the EC voluntarily provided workers’ compensation benefits which the claimant declined, noting that she reserved the right to file a claim later.
Approximately nine months after the accident claimant filed a civil suit in circuit court for her personal injuries against the employer, its automobile insurer, her coworker, her coworkers’ insurer and Toyota, as well as against Manu and Kumar Samta-ni (Samtanis), the individuals who formed the corporate employer, and against another corporation, Vaco, Inc., which was also formed by the Samtanis. Claimant contended the accident did not arise out of and in the course of her employment and that she could therefore sue her employer and coworker. By amended complaint the insurers were subsequently dropped as parties. In December 1984 claimant entered into a settlement agreement with all of the defendants except Toyota. The claimant’s products liability suit against Toyota eventually resulted in a defense verdict.
On January 7, 1985, claimant filed a claim for remedial treatment, temporary total disability (TTD) and permanent total disability (PTD) benefits and an application for hearing. The EC denied that the claimant was injured in an accident arising out of and in the course of her employment as claimant had refused benefits and pursued a civil action against her. employer, her coworker and others. As a result, the EC argued claimant was now estopped from claiming workers’ compensation benefits. The Judge of Compensation Claims (JCC) dismissed the claim with prejudice finding that although claimant was injured in the course and scope of her employment, she had elected her remedy by pursuing a circuit court action and was thereby estopped from asserting entitlement to workers’ compensation benefits in light of her circuit court denial that she was injured in the course and scope of her employment. The claimant appealed, and by a decision rendered March 18, 1986, this court reversed the dismissal of the claim. Greene v. Maharaja of India, 485 So.2d 1329 (Fla. 1st DCA), review denied, 494 So.2d 1151 (Fla.1986) (Greene I). After the Supreme Court of Florida denied review of this court’s decision the cause was remanded to the JCC for further proceedings.
The EC then accepted the claimant as TTD, provided nursing services and agreed to pay claimant’s medical bills. On September 10, 1987, claimant was accepted as PTD. The remaining claim, for an increase in the amount of attendant care benefits for claimant’s mother, was dropped at the hearing. Therefore, the final hearing held December 8, 1987, concerned only the issues of the amount of attorney’s fees and costs due claimant.
On the attorney’s fee issue, claimant’s attorney, Robert B. Staats, testified he has handled claimants’ workers’ compensation cases for 22 years. He has represented the claimant since 1983, although her civil suit was handled as a separate case. Staats submitted three affidavits. The first showed payments of Aetna to the claimant totaling $319,697.91, as well as $20,744.50 claimed but unpaid. The second affidavit reflected' Staats’ costs expended totaling $121,270.74 and time expended of 448.58 hours. An additional affidavit added 101.-25 hours. Staats testified that the claimant’s civil settlement was comprised of $100,000.00 from Travelers; $15,000.00 from Kumar and Manu Samtani, individually; and $10,000.00 from State Farm Fire and Casualty Company (State Farm), the insurer of claimant’s coworker who was driving the car at the time of the accident. Staats’ office received one-third of the settlement as its contingency fee. His normal hourly rate is $125.00-150.00, but the claimant’s case was taken on a total contingency basis. The case was novel in that it represented both unique factual and legal issues. He had never represented a quadriplegic before, and the claimant was insistent that the money be obtained quickly so that she could undergo experimental surgery in New York. The customary hourly rate in the community for compara *464 ble attorneys is $150.00. Staats also submitted copies of correspondence detailing the post-appeal settlement negotiations with Aetna for the workers’ compensation claim filed January 7, 1985, and settled June 19, 1987. On cross-examination he acknowledged that Aetna had initially tendered benefits without any claim being filed; that the January 7, 1985, claim included remedial care but did not specifically seek attendant care benefits; that the EC had immediately offered 24-hour attendant care; and that only the amount of such care was at issue. He also acknowledged that his time sheets included hours spent on the prior appeal, but he explained he felt like the fees awarded by the First District Court of Appeal and the Supreme Court of Florida did not adequately compensate him for his work. He acknowledged that his estimate of the total value of benefits obtained in the amount of approximately $3 million was based primarily on the estimated value of the attendant care.
Stephen Marc Slepin testified on behalf of the claimant that he is an attorney with 20 years experience in administrative and workers’ compensation law. In reaching his opinion as to a reasonable attorney’s fee he took into consideration the claimant’s life expectancy as a quadriplegic, the value of nursing services and the fact that all benefits were “denied by Aetna,” and that “all benefits were won by claimant’s counsel.” He also applied all the factors to be considered pursuant to Chapter 440: the contingency nature of the claim, length of representation, hours expended, hourly rates, the “landmark decision” in the prior appeal, and the claimant’s counsel’s reputation and skill. Total benefits to date are $340,000.00, and total lifetime benefits are estimated to be $3,884,689.00. He found that 350 hours, “a conservative figure,” would be a reasonable amount of time to have been expended on the case. A reasonable fee would be $646,936.43, with the lowest possible fee being $475,000.00, and the highest being $713,000.00. He included the time Staats spent preparing for the attorney’s fees hearing. If attendant care benefits were excluded, a reasonable fee is $375,000.00
Douglas Brown testified on behalf of the EC that he is an attorney with 21 years experience in workers’ compensation cases and that he has reviewed the record. Considering Lee Engineering & Construction Company v. Fellows, 209 So.2d 454 (Fla.1968), and the statutory factors in § 440.34, Fla.Stat., he determined that a reasonable fee would be $50,000.00. He based this figure on the fact that this case was somewhat unusual because of the novelty and difficulty of the question presented by the prior appeal, although he discounted the time actually spent on the appeals based on the assumption that the District Court of Appeal and the Supreme Court had awarded a fee. Excluding the appellate proceedings, 100-150 hours would be a reasonable number to expend. He does not believe the employment by the claimant would preclude any other employment or antagonize current clients. Fees sought in such cases are usually based on the statutory fee schedule of $200.00 per hour. Due to the severe nature of claimant’s injuries, the demands placed on the attorney would be greater than usual because of the emotional component of such a devastating injury. The amount in controversy calculated by Brown included disability and medical benefits but excluded attendant care because the EC paid it before any claim was ever filed, and the claim proceeded to hearing with the EC not controverting the claimant’s entitlement to attendant care. Brown stated it was difficult to estimate the present value of future medical care because the only doctor to discuss this issue expressed disagreement with several items listed as future costs by the rehabilitation consultant. Brown made a general estimate of the value to be $250,000.00. As for the length of Staats’ relationship with the claimant as a client, the case was a “one-shot representation.” Staats’ ability and experience are highly regarded, and the fee in such a case would be totally contingent. The fee was also based on Brown’s belief that despite the separate natures of the civil suit, the third party action, and the worker’s compensation *465 claim, some overlap of the time sheets is inevitable. He also reduced the time involved because the time spent on research seemed excessive and because of the already compensated appellate time. He estimated that the maximum number of hours reasonably required was 150 and at $300.00 per hour this number of hours yielded a fee of $45,000.00. The statutory fee on all benefits paid would be $11,097.96 excluding future benefits from consideration. Using the $250,000.00 present value of future medical benefits, excluding the attendant care, results in an additional fee of $37,500.00 under the statutory fee schedule. A separate fee for the appellate work would be $25,000.00 to $30,000.00. Brown also took into consideration the fact that the EC initially offered claimant full benefits.
Based on the evidence at final hearing the JCC entered his order. This appeal and cross-appeal followed.
The JCC awarded a $75,000.00 fee, discussing in detail each of the elements of § 440.34 and Lee Engineering. In particular, the JCC found that 175 hours were reasonable to prosecute the claim and that the highest reasonable hourly rate would be $300.00. As to the determination of the amount in controversy, the JCC found that no fee was due on benefits voluntarily and timely paid, but that all benefits reasonably and predictably flowing from an award should be considered, and that which benefits are “reasonably predictable” depends on the scope of the issues litigated. The JCC noted all benefits were initially offered to claimant, but were refused despite the fact that claimant could have accepted the benefits and pursued her civil claim against the third-party tort-feasors. After the pri- or appeal became final, the JCC found that the EC voluntarily paid attendant care, home modifications, TTD benefits, and then accepted the claimant as PTD. The original workers’ compensation hearing concerned medical bills and TTD benefits only. The JCC specifically took into consideration the time spent in obtaining the benefits voluntarily paid by the EC. The JCC also stated that the evidence of claimant’s future medical expenses was not helpful, as the testimony provided by rehabilitation consultant Lawrence Forman was overstated and unsupported by medical testimony, and that no attempt was made to reduce future medical costs to the maximum fee schedule, and claimant’s attorney used a two percent, rather than a four percent discount factor to reduce further medical benefits to present value. Locke v. Rooney, 508 So.2d 467 (Fla. 1st DCA 1987); Department of Health and Rehabilitation, Division of Risk Management v. Lucas, 466 So.2d 1269 (Fla. 1st DCA 1985). The JCC concluded the amount in controversy for the purpose of determining an attorney’s fee was $320,000.00. He specifically accepted the expert testimony of Douglas Brown as “more convincing and realistic,” but added an additional increase in the fee estimate due to Brown’s apparent failure to take into consideration the time spent negotiating the post-appeal settlement with the EC. Accordingly, the JCC found a $75,000.00 fee to be reasonable.
There is competent substantial evidence to support the amount of the attorney’s fee awarded. There are substantial differences in the evidence as to a reasonable fee in this case, but the JCC found the testimony of the expert Brown “more convincing and realistic.” One of the principal reasons for the difference in the testimony as to the amount of a reasonable fee was a result of the claimant’s witnesses including the attendant care benefits received and to be received as a part of the amount in controversy and the benefits obtained. Attendant care benefits were timely and voluntarily paid by the EC and were not one of the benefits litigated. Although there was some question as to the daily rate, claimant abandoned her claim for an increase in the daily rate for attendant care benefits and the sole issue at the final hearing was the amount due for an attorney’s fee. The JCC noted that all benefits were initially offered to the claimant but were refused, and that the EC also timely and voluntarily accepted the claimant as PTD and that those benefits were not in controversy. The JCC stated that the evidence of claimant’s future medical ex *466 penses was not helpful as the testimony-provided by rehabilitation consultant, Lawrence Forman was overstated and unsupported by medical testimony and no attempt was made to reduce future medical costs to the maximum fee schedule or to present value. His final conclusion was that the amount in controversy for the purpose of attorney’s fees was $320,000.00, and that finding is supported by competent substantial evidence.
The JCC found that 175 hours was a reasonable number of hours to prosecute the case, and appellant has not argued on appeal that this finding was in error. Although the attorney for the appellant and her expert witness testified that a reasonable hourly rate was $150.00, the JCC used an hourly rate of $300.00 resulting in a $52,500.00 fee. The JCC then increased the fee awarded to $75,000.00 or almost three times the amount of the fee that would have resulted from the appellant’s testimony on the hourly rate. Nevertheless, appellant’s attorney contends he is entitled to the reasonable fee testified to by his expert witness Slepin in the amount of $646,936.00, which is $3,696.00 per hour or more than 24½ times more than the hourly rate testified as reasonable. He argues that in any event he is entitled to 15 percent of $3,357,749.00 which he contends is the minimum amount of benefits he obtained, or a total fee of $503,662.00. This would result in an hourly rate of $2,878.00, which is more than 19 times the hourly rate reflected by the claimant’s testimony. In either case, the hourly rate resulting from such fees is unconscionable. The standard of review to be applied by this court is whether there is any competent substantial evidence to support the JCC’s award. There is competent substantial evidence to support the award. The JCC carefully spells out in his order the reasons he accepted the testimony of certain witnesses over that of other witnesses and how he reached his decision as to the benefits obtained by the appellant’s attorney. Even if he reached the right conclusion for the wrong reason, and awarded a reasonable fee his decision should be affirmed. Henriquez v. Publix Super Markets, Inc., 434 So.2d 53 (3d DCA 1983). However, his decision is correct factually and as a matter of law.
The JCC correctly ruled that the claimant was not entitled to interest on unpaid medical and hospital bills which had not been presented at the April 18, 1985, hearing. The claimant withheld these unpaid bills from the EC and is not entitled to interest on the withheld bills.
The JCC also correctly found that there was no proof that the $100,000 paid by Travelers was paid on behalf of the employer or claimant’s eoworkers, and therefore Aetna was not entitled to any credit or offset against the payment of future workers’ compensation benefits for any portion of the $100,000 paid by Travelers in settlement of the law action filed by the claimant. Although it would clearly appear that the EC would be entitled to a credit or offset of the $10,000 paid by State Farm on behalf of its insured, a coworker, the prior decision of this court in the case of Greene I did not mention any credit or offset for any payment made in the settlement except that of Travelers, and credit for that was contingent upon a showing that the amount credited was paid on behalf of the employer. Greene I established the law of the case on this issue and we therefore hold that the JCC erred in allowing Aetna credit for the $10,000 paid by State Farm and $15,000 paid by the Sam-tanis. The order appealed is affirmed as to the reasonable attorney’s fee awarded, the denial of interest on withheld medical and hospital bills, and on the denial of a credit to Aetna for any portion of the $100,000 paid by Travelers. It is reversed as to the credit awarded the EC for the law action settlement payment of $10,000 by the State Farm and the $15,000 paid by the Samtan-is.
AFFIRMED in part, REVERSED in part.
BOOTH, J., concurs.
ERVIN, J., concurs and dissents.