629 So.2d 234 (1993)
Brenda ROSE, Appellant,
v.
MADDEN & McCLURE GROVE SERVICE, and Feisco/INA, Appellees.
No. 91-3369.
District Court of Appeal of Florida, First District.
December 10, 1993.
Rehearing Denied December 26, 1994.
*235 Bill McCabe, Shepherd, McCabe & Cooley, Longwood, and Faith O. Horning-Keating, Orlando, for appellant.
Richard H. Weisberg and Paul J. McCord, Rissman, Weisberg, Barrett & Hurt, P.A., Orlando, for Appellees.
MICKLE, Judge.
This is an appeal from an order of the judge of compensation claims (JCC) denying, in pertinent part, claimant's request for authorization of treatment by a psychologist/psychiatrist. Claimant raises ten points on appeal, one of which we find to be dispositive. Namely, claimant asserts that the testimony of two of the employer/carrier's (E/C) expert witnesses, who were not listed on the E/C's pretrial witness list, should have been excluded. We agree and reverse.
In 1987, the claimant sustained injuries as a result of exposure to chemicals when a cap came off a sprayer, causing a pesticide mixture to be blown over her body. An initial claim was filed in 1989 requesting, inter alia, temporary total disability benefits, temporary partial disability benefits, or wage loss. A subsequent claim was filed in 1990 requesting, inter alia, a determination of compensability, authorization of toxicologist treatment, and authorization of psychological/psychiatric care. The E/C filed a notice to controvert asserting (1) that the claimant's condition was not the result of an injury arising out of and in the course of employment; and (2) that the claimant's condition pre-existed the alleged date of the injury.
On October 8, 1990, the parties entered into a pretrial stipulation providing specifically that witness lists may be amended by written stipulation of the parties no later than 15 days prior to the hearing date. In addition, on October 10, 1990, the JCC issued a pretrial order setting the final hearing on November 28, 1990, and providing that witness lists may be amended no later than 15 days prior to the hearing date. The order warned that a witness not listed would not be heard. Both claimant and E/C filed witness lists on October 31, 1990. Thereafter, the E/C submitted an amended list including three more witnesses. The only medical expert listed by the E/C was Dr. Henry Van Twyver.
In addition to evidence regarding claimant's resulting dermatological problems, a psychologist testified on behalf of claimant that her psychological problems and cognitive disorders were related to the toxic chemical exposure in 1987. Just prior to the E/C's presentation of evidence, the JCC, noting that they had listed only one medical expert witness on their pretrial list, questioned the E/C as to who their expert witnesses were going to be. The E/C responded that they would also be presenting the testimony of Drs. Hooshmand and Montgomery. While conceding that these two witnesses were not included on the pretrial witness list, the E/C contended their testimony was being submitted as rebuttal evidence. On this assertion, the testimony was allowed in. Drs. Hooshmand and Montgomery both opined that claimant's claimed psychological and neurological symptoms were the result of her consumption of 3-4 beers per day and were unrelated to the chemical exposure.
Accepting the testimony of Drs. Hooshmand and Montgomery over the testimony of claimant's experts, the JCC denied the claim for authorization of psychologist/psychiatrist treatment.
Fla.R.Work.Comp. 4.100(a)(5), which authorizes certain pretrial procedures encompassing the identification of witnesses, expressly provides that "[i]mpeachment witnesses, and rebuttal witnesses thereto, need not be revealed." On the facts sub judice, we simply cannot agree with the E/C's ill-founded contention that the testimony of Drs. Hooshmand and Montgomery constituted rebuttal evidence. Rebuttal evidence is that which is "offered by a party after he has *236 rested his case and after the opponent has rested in order to contradict the opponent's evidence." Black's Law Dictionary 1267 (6th ed. 1990). The term "rebuttal" denotes evidence introduced by a plaintiff to meet new facts brought out in his opponent's case in chief. 41 Fla.Jur.2d, Pre-Trial Proceedings, § 17 (Citations omitted). Under the usual order of presentation of evidence at trial, the plaintiff will first introduce evidence to prove the facts necessary to enable recovery. Then the defense presents evidence in support of its case, including evidence not only that denies or contradicts plaintiff's claim but also that supports any pleaded affirmative defenses. The plaintiff is now entitled to present a case in rebuttal, refutation evidence that denies, explains, disproves or otherwise sheds light on evidence offered by the defense. If new points are brought out during plaintiff's rebuttal, the defendant may meet them by evidence in rejoinder, otherwise known as surrebuttal. See 1 McCormick on Evidence § 4 at 8-10 (4th ed. 1992); Graham, Handbook of Florida Evidence § 612.1 (1987).
In the instant case, clearly the testimony of Drs. Hooshmand and Montgomery embodied the essence of the E/C's defense, that is, that claimant's chronic alcoholism was the root of her psychological infirmities. Notably, this defense appeared nowhere in the pretrial pleadings and was not brought up until cross-examination of the claimant's expert witnesses. The E/C's position that, since claimant's experts denied any effect of alcohol abuse on her condition, it was permissible to bring forth previously unidentified witnesses to "rebut" this testimony, is incomprehensible. The E/C endeavors to stretch the meaning of rebuttal far beyond its common definition and usage. If one were to accept the E/C's definition, then arguably those defendants who intended to present contradictory testimony  a majority of cases  would be able to take advantage of the rule excusing them from pretrial disclosure of rebuttal witnesses.[1]
We recognize that the decision to admit the testimony of an undisclosed witness is a matter within the discretion of the JCC, and that the exclusion of a witness is a drastic remedy which should be invoked only under the most compelling circumstances. Binger v. King Pest Control, 401 So.2d 1310 (Fla. 1981). However, as recognized in Binger, in certain situations the testimony of an undisclosed witness may present unfair surprise and prejudice. We find the instant case clearly exemplifies such a situation. Claimant was unaware of the E/C's defense theory of alcoholism until Hooshmand and Montgomery testified. Given the JCC's almost exclusive reliance on the testimony of Drs. Hooshmand and Montgomery, and given claimant's lack of opportunity to present evidence in response, we feel that the surprise testimony unduly prejudiced the outcome and affected the fairness of the proceeding. As a result, claimant suffered manifest injustice. We do not approve of tactics such as those employed by the E/C below, which effectively resulted in trial by ambush, belying the intent and purpose of the rules of discovery and procedure. We therefore reverse and remand for a hearing de novo. In light of this disposition, we find it unnecessary to address the remaining issues raised on appeal.
REVERSED AND REMANDED.
BARFIELD and WOLF, JJ., concur.
NOTES
[1] At oral argument, the E/C acknowledged the weakness of their position that the testimony at issue was rebuttal evidence, focusing instead on the contention that the admission of this testimony had no prejudicial effect.