DAVIS, Judge.
The claimant, Daniel Costanzo, appeals a final order denying his claim for temporary total, temporary partial or wage loss benefits from April 14, 1993 through May 13, 1993. He asserts that he was prejudiced by the Judge of Compensation Claims’ (JCC) errors in admitting, and relying upon the substance of, the testimony of a witness for the employer/carrier (e/c) who was not listed on any witness list as required by the pretrial stipulation, as well as a previously undisclosed document introduced during the testimony of that witness. We affirm in part, reverse in part, and remand for further proceedings in accordance with this opinion.
The pretrial stipulation indicated that the e/c would assert an affirmative defense that the claimant voluntarily limited his income and that the e/c were entitled to deemed earnings pursuant to section 440.15(3)(b)5., Florida Statutes. This defense was based upon the fact that the employer sent letters to the claimant, through his attorney as intermediary, offering to employ him in a position within his medical restrictions. The letter dated April 9, 1993, specifically offered the claimant a position as a cashier beginning on Thursday, April 15, 1993.
*590 No witnesses were listed in the pretrial stipulation, which was approved by the JCC on August 6, 1993. One of the terms of the stipulation was “witness lists to be exchanged 30 days prior to final hearing, to include employer/carrier designated representatives.” The final hearing took place, as scheduled, on October 15, 1993. The record contains no indication that any witness lists were ever exchanged. Only two witnesses testified in person at the hearing. The claimant testified on his own behalf. He stated that he repeatedly called the employer about returning to work, but that the employer never called him back to set up a schedule for doing so. On cross-examination the e/c elicited from the claimant that he did not call the Pik ⅛’ Run in response to the above-described letter of April 9th until April 20, 1993. Further, the claimant testified on cross-examination that he spoke with Dawn Riggio when he called the employer. Counsel for e/c then asked Mr. Costanzo a series of questions regarding that conversation with Dawn Riggio, concerning whether he had actually told her he had no intention of returning to work for the employer. The claimant completely denied that version of events.
Ms. Dawn Riggio was then called to testify on behalf of the e/c. The claimant objected to the admission of Ms. Riggio’s testimony, asserting that she was not listed as a witness and that he was surprised and prejudiced by the e/c calling her without prior notice. The e/c argued that she was a rebuttal witness and that therefore she did not have to be disclosed, pursuant to Florida Rule of Workers’ Compensation, Rule 4.100(5). The JCC admitted the testimony, stating, “rebuttal witnesses are not required to be listed. And so she can testify, but we’ll take it on a question-by-question basis as to whether or not it’s rebuttal.”
E/C concede that the testimony of Ms. Riggio was not properly admitted as rebuttal evidence. As this court explained in Rose v. Madden & McClure Grove Service, 629 So.2d 234, 236 (Fla. 1st DCA 1993) “the term ‘rebuttal’ denotes evidence introduced by a plaintiff to meet new facts brought out in his opponent’s case in chief.” However, the fact that the JCC erred in admitting the testimony of Ms. Riggio as rebuttal evidence does not necessarily mandate a reversal. When there are alternative grounds for affirming the decision of the JCC we are obligated to do so. Greene v. Maharaja of India, Inc., 558 So.2d 461, 466 (Fla. 1st DCA), review denied mem., 567 So.2d 434 (Fla.1990) (even if JCC reached the right result for the wrong reason, the decision should be affirmed).
The e/c assert that the testimony of Dawn Riggio was properly admitted as impeachment evidence. We agree that her testimony, expressly contradicting that of the claimant, was impeachment evidence under section 90.608(5), Florida Statutes. It follows that the telephone message which corroborated Ms. Riggio’s testimony was also impeachment evidence. However, the fact that the JCC could have properly admitted that evidence as impeachment does not resolve the claimant’s second point on appeal, which is that the JCC erred in relying upon the testimony of Dawn Riggio, and the telephone message, as the sole substantive evidence of the e/c’s affirmative defense of voluntary limitation of income.
The JCC expressly based his determination that the claimant voluntarily limited his income on two independent grounds: one, the fact that the claimant failed to call the employer until April 20th regarding the cashier position which was scheduled to begin on April 15th; two, the testimony of Dawn Rig-gio, supported by the contemporaneous phone message, that the claimant told her in the April 20th phone call that he did not intend to return to work for the employer and he was suing the employer. Therefore, there is competent substantial evidence to support the conclusion that the claimant’s failure to call the employer until April 20th was a voluntary limitation of income. Accordingly, for the period from April 14, 1993, through April 20, 1993, the order denying benefits is affirmed. As to the period from April 20, 1993, through May 13, 1993, however, the only evidence on which the JCC relied in denying benefits was the testimony of Dawn Riggio, supported by the phone message. The JCC expressly stated that this *591 question came down to the competing credibility of the claimant and Ms. Riggio, and that he accepted the testimony of Ms. Riggio in ruling in favor of e/c’s affirmative defense. The JCC stated he had
had the opportunity to observe the testimony and demeanor of both the claimant and Ms. Riggio. Resolution of this case depends entirely upon which testimony is accepted. The undersigned acknowledges that Ms. Riggio has been convicted of one felony. Nonetheless, Ms. Riggio’s testimony, strongly supported by the telephone message, is accepted over the claimant’s testimony. Based upon Ms. Riggio’s testimony, and more importantly, her contemporaneous telephone message of April 20, 1993,1 find that the claimant did voluntarily limit his income by failing to accept the offered employment during the subject period.
The testimony of Dawn Riggio and the telephone message were both impeachment of the claimant’s testimony and the sole substantive evidence offered by the e/c in support of the affirmative defense of voluntary limitation of income. The Workers’ Compensation Rules require the parties to present and examine all exhibits, except impeachment and rebuttal exhibits, at the pretrial hearing, and mark them for identification at that time. Florida Rule of Workers’ Compensation, Rule 4.100(4). The Workers’ Compensation Rules and the pretrial stipulation also required disclosure of substantive witnesses. The only permissible reason for Ms. Riggio’s testimony, without her name having been previously disclosed, was for the purpose of contradicting the testimony of the claimant regarding the substance of their April 20th phone call. Florida Rules of Workers’ Compensation Rule 4.100(5) provides that at the pretrial conference, the parties shall “furnish the opposing party the names and addresses of all witnesses. Impeachment witnesses, and rebuttal witnesses thereto, need not be revealed.” We hold that when parties avail themselves of these rules, the impeachment and rebuttal exhibits and the testimony of the previously undisclosed witnesses may only be used for the purposes of impeachment or rebuttal of impeachment evidence. See, e.g., Ogden Allied Services v. Panesso, 619 So.2d 1024, 1026 (Fla. 1st DCA 1993) (agreeing with e/c that they were not required to disclose surveillance witnesses and evidence which were intended to be used solely for impeachment or rebuttal).
In Rose v. Madden & McClure Grove Service, 629 So.2d at 236, we held that certain undisclosed witnesses who were permitted to testify as rebuttal witnesses, in fact, embodied the essence of the e/c’s defense, and therefore their testimony was not automatically admissible as rebuttal. This court then considered whether the evidence should have been admitted under the test established in Binger v. King Pest Control, 401 So.2d 1310 (Fla.1981). Id. The rules of procedure, no less in workers’ compensation cases than civil cases in Florida, are designed to prevent “trial by ambush.” See Rose v. Madden & McClure Grove Service, 629 So.2d at 236. Thus, although the JCC has discretion over whether to permit the testimony when an undisclosed witness is neither an impeachment witness nor offered in rebuttal to an impeachment witness, the JCC has an obligation to protect the opposing party from injustice, by determining whether the testimony was a surprise, whether that surprise resulted in prejudice to the opposing party, as well as any other relevant factors. See, e.g., Binger v. King Pest Control, 401 So.2d 1310 (Fla.1981); Rose v. Madden & McClure Grove Service, 629 So.2d at 236. The JCC in the present case erred in relying upon the substance of Dawn Riggio’s testimony and the challenged exhibit without first deciding whether her testimony should have been admitted, not as rebuttal or impeachment, but under his discretion to permit such an undisclosed witness.
Accordingly, we reverse that portion of the order denying benefits for the period from April 20, 1993, through May 14, 1993, and remand for further proceedings for the JCC to make a determination on the record whether the surprise testimony of Dawn Rig-gio and the telephone message about which she testified, should have been admitted, employing the factors enunciated in Binger v. King Pest Control.
*592 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
ALLEN, J., and SMITH, Senior Judge, concur.