664 So.2d 345 (1995)
SKF MANAGEMENT and Palace Management, Bueno Vista Palace Hotel, Appellants,
v.
UNEMPLOYMENT APPEALS COMMISSION, et al., Appellees.
No. 94-2260.
District Court of Appeal of Florida, Fifth District.
December 15, 1995.
Susan K. McKenna and Myrna L. Galligano of Garwood, McKenna & McKenna, P.A., Orlando, for Appellant.
William T. Moore, Tallahassee, for Appellee Unemployment Appeals Commission.
No Appearance for Appellee Audrey Anderson.
W. SHARP, Judge.
Appellants (the employer) challenge an order of the Unemployment Commission which reversed the appeals referee. The appeals referee determined that Anderson, the former employee, violated her employer's drug-free, workplace policy, which constituted "misconduct" sufficient to disentitle her from receiving unemployment compensation benefits. *346 The Commission reversed the "misconduct" finding of the referee because it could only be sustained if appellants were entitled to the statutory presumption of section 443.101(11) to establish Anderson used drugs, and in this case, appellants failed to do so. We affirm.
Anderson was hired as a full-time room attendant by Buena Vista Palace (Buena Vista), on June 27, 1989. At the time she was hired, Anderson signed an acknowledgment that if she were injured on the job, part of the treatment for that injury would be a drug and alcohol test. Subsequently, in February 1992, Buena Vista implemented a drug-free, workplace policy. The employee handbook was revised at that time to include the new policy, and handbooks were distributed to the employees. On February 21, 1992, Anderson executed an acknowledgment that she received a revised employee handbook.
On April 3, 1994, Anderson injured her back by slipping and falling on a wet bathroom floor, and she filed a worker's compensation claim. She voluntarily provided blood and urine samples for testing by American Medical Labs. Anderson executed the worker's compensation alcohol drug testing policy form, chain of custody form, and consent form for the drug tests.
On April 7, 1994, test results were provided to the lab's medical review officer, Dr. Charles Moorefield. These results indicated Anderson had tested positive for cocaine metabolite. On that same day, Moorefield called Anderson, and left a message on her answering machine asking her to call him. When she failed to respond, he again attempted to contact her and left a second message. When he again received no response, Moorefield notified David B. Mitchell, Director of Human Resources, of Anderson's positive test results.
Mitchell met with Anderson and advised her of the results, informing her that it violated Buena Vista's drug-free workplace policy. He terminated her employment effective immediately, and told her she had five days to respond, and 180 days to be retested at her expense at another qualified laboratory.
Anderson denied she had used cocaine, and stated she thought she had tested positive because of a relationship with her boyfriend whom she "thought" used cocaine. She also claimed that she took Sudafed and birth control pills, and suggested that they might be responsible for her positive results.
On April 20, 1994, Anderson filed for unemployment compensation benefits. She did not respond to Buena Vista within five days and she did not seek to be retested at another qualified laboratory. She explained she could not afford to pay for a retest so she hired a lawyer instead.
The issue in this case is whether appellants established at the hearing that they were entitled to the statutory presumption of section 443.101(11). We agree with the Commission's findings that the evidence failed to establish a chain of custody with respect to Anderson's specimens, so that proof that Anderson used drugs is sufficient only if the statutory presumption is a available in this case. An employee may be terminated for misconduct after only one positive drug test result; multiple positive results are not necessary. Ford v. Southeast Atlantic Corp., 588 So.2d 1039 (Fla. 1st DCA 1991).
Section 443.101(11) provides:
If an individual is discharged from employment for drug use as evidenced by a positive, confirmed drug test as provided in paragraph (1)(d), or is rejected for offered employment because of a positive, confirmed drug test as provided in paragraph (2)(c), test results and chain of custody documentation provided to the employer by a licensed and approved drug-testing laboratory will be self-authenticating and admissible in unemployment compensation hearings, and such evidence will create a rebuttable presumption that the individual used, or was using, controlled substances, subject to the following conditions:
(a) To qualify for the presumption described in this subsection, an employer must have implemented a drug-free workplace program under ss. 440.101 and 440.102, and must submit proof that the employer has qualified for the insurance discounts provided under s. 627.0915, as certified by the insurance *347 carrier or self-insurance unit. In lieu thereof, an employer who does not fit the definition of `employer' in s. 440.102 may qualify for the presumption provided that the employer is in compliance with equivalent or more stringent drug-testing standards established by federal law or regulation. (emphasis provided) (b) Only laboratories licensed and approved as provided in s. 440.102(9), or as provided by equivalent or more stringent licensing requirements established by federal law or regulation may perform such tests.
The only evidence presented at the hearing to establish appellants' entitlement to rely on the statutory presumption of section 443.101(11) was Mitchell's testimony. Mitchell said Buena Vista was covered under the worker's compensation law, and had a drug-free workplace program since February of 1992. He described Buena Vista as a self-insured entity, and opined that its program is run consistently with the requirements of section 627.0915. However, he did not testify that the self-insurance unit of the state insurance department had certified its compliance, nor that Buena Vista had been issued a certificate of compliance, nor was such a certificate proffered in evidence.
The Commission apparently construed the statutory language to require submission of a written certificate issued by the Florida State Insurance Department that a self-insured employer has qualified for insurance discounts under section 627.0915. We need not agree or disagree on this point, since not only was written evidence (a certificate) not proffered or submitted, but Mitchell failed to testify that such a certificate was in existence and issued to Buena Vista. Thus, we agree with the Commission's conclusion that appellants failed to establish the certification required by section 443.101(11).
Similarly, with regard to the status of the laboratory, Mitchell was the sole person to testify concerning the lab's qualifications. He testified the lab which conducted the drug test was licensed and approved by the Division of Workers' Compensation and that it is both NIDA certified and HRS certified. But he was not an employee or officer of the lab. Dr. Morefield, who worked for the lab, was not asked any questions about the lab's qualifications or certification. Further, no written certificates were proffered or put in evidence. It appears that proof that the lab which performed Anderson's tests was duly licensed and approved as required by the statute also was inadequate.
However, we are not unmoved by the plight of a party to these kinds of administrative hearings where hearsay evidence is customarily admissible without objection. Had objections been made to the proofs as qualifying appellants to the benefit of the statutory presumption, possibly defects in the proofs could have been remedied. Or failing that, the chain of custody documentation of the specimen could have been presented. But no objections were made. Thus, the defects surfaced for the first time in the Commission's order. It is a bit like "trial by ambush."[1] The reason we make note of the problem is to warn others who carry the burden of proof in such administrative hearings, in the future. See Costanzo v. Pik N'Run # 4, 654 So.2d 588, 591 (Fla. 1st DCA 1995); Bellsouth Advertising and Publishing Corp. v. Unemployment Appeals Commission, 654 So.2d 292 (Fla. 5th DCA 1995); Rose v. Madden & McClure Grove Service, 629 So.2d 234, 236 (Fla. 1st DCA 1993) (reversing and remanding for hearing de novo).
In this type of case, the employer has the burden of proving that the act or acts complained of constitute "misconduct" sufficient to disqualify the employee from receiving unemployment compensation benefits. Gunther v. Barnett Banks, Inc., 598 So.2d 243 (Fla. 2d DCA 1992); Sheriff of Monroe County v. Unemployment Appeals Commission, 490 So.2d 961 (Fla. 3d DCA), rev. denied, 500 So.2d 544 (Fla. 1986). The unemployment *348 compensation statute is liberally construed in favor of the employee in situations where the employee is disqualified from receiving unemployment compensation benefits. Doyle v. Florida Unemployment Appeals Commission, 635 So.2d 1028 (Fla. 2d DCA 1994); Underhill v. Publix Super Markets, Inc., 610 So.2d 48 (Fla. 3d DCA 1992).
Although conclusions of an agency that construes a statute with which the agency is charged to enforce are not immune from judicial review, great deference is accorded such determinations. Department of HRS v. A.S., 648 So.2d 128 (Fla. 1995); Florida Cable Television Ass'n v. Deason, 635 So.2d 14 (Fla. 1994). The standard of review in such instances is whether the determination is clearly erroneous, and whether there is competent, substantial evidence to support the conclusion. Fort Pierce Utils. Auth. v. Beard, 626 So.2d 1356, 1357 (Fla. 1993); PW Ventures, Inc. v. Nichols, 533 So.2d 281, 283 (Fla. 1988). In this case we cannot say that the determination reached by the Commission was clearly erroneous. Accordingly, we affirm.
AFFIRMED.
PETERSON, C.J., and THOMPSON, J., concur.
NOTES
[1] This phrase was apparently coined by Roscoe Pound. See, R. Pound, the Cause of Popular Dissatisfaction with the Administration of Justice, 29 A.B.A.Rev. 395, 404 (1906). It has been used to describe litigation which is characterized by surprise and technicalities as chief weapons; the antithesis of an orderly search for the truth. Heimer v. Travelers, Ins. Co., 400 So.2d 771, n. 1 (Fla. 3d DCA 1981).