670 So.2d 108 (1996)
HARDRIVES OF DELRAY INC. and Liberty Mutual Insurance Company, Appellants,
v.
Charlene STIMELY, as surviving spouse of Lee Stimely, and Charlene Stimely and Desiree Shore, As Attendant Care Providers for Lee Stimely, Appellees.
No. 94-3768.
District Court of Appeal of Florida, First District.
February 28, 1996.
Rehearing Denied April 15, 1996.
Cheryl L. Wilke of Rigell & Leal, P.A., West Palm Beach, for Appellants.
Jerry J. Goodmark of Goodmark & Goodmark, P.A., West Palm Beach and Marjorie *109 Gadarian Graham of Marjorie Gadarian Graham, P.A., Palm Beach Gardens, for Appellees.
PER CURIAM.
The employer/carrier (E/C) appeal from an order of the Judge of Compensation Claims (JCC) finding that the E/C was responsible for payment of supplemental benefits from the date of maximum medical improvement (MMI), and that the wife and daughter of the claimant, who provided attendant care services, were entitled to be paid based upon the market rate for such services, rather than based upon a previously stipulated rate for services of the wife alone. We reverse the order below with respect to the ruling on payment of supplemental benefits, and reverse the ruling as to payment of the increased rate for attendant care services for the first eight hours per day provided by the claimant's wife. We affirm payment of the market rate for services provided by the daughter.
The claimant suffered injuries to his back and both knees in accidents occurring on October 11, 1984, and February 22, 1985, and compensability based upon these two accidents was accepted by the E/C. A claim was filed for temporary total disability, temporary partial disability, or wage loss benefits from February 22, 1985, to the date of the hearing on the claim, which was held on November 10, 1986. At this hearing, the parties stipulated that the claimant was at maximum medical improvement on January 24, 1986. On December 10, 1986, the JCC entered an order finding that while the claimant had restrictions as a result of his compensable injuries, he was nevertheless able to attempt some type of work. In the order, the JCC acknowledged that the claimant was severely restricted as to the types of jobs that he might be able to obtain, but the JCC nevertheless rejected the contention that the claimant was totally unemployable after the date of MMI. Accordingly, the JCC found that claimant had voluntarily limited his income since January 24, 1986.
A second hearing was held based upon a claim for attendant care benefits provided by the claimant's wife from May 2, 1987 through June 29, 1987, the date of the hearing on the claim. At this hearing, the claimant and the E/C agreed upon a rate of $9.00 per hour for attendant care "through the present and continuing," and the order of the JCC rendered on September 25, 1987, accepted that stipulation. Based upon the evidence presented, the JCC ordered that claimant's wife be compensated for eight hours of attendant care services per day at the stipulated rate of $9.00 per hour. In the September 25, 1987, order, the JCC specifically incorporated by reference the findings contained in the order of December 10, 1986.
On May 30, 1988, the E/C accepted the claimant as permanently and totally disabled, and began paying supplemental benefits on January 1, 1989. Subsequently, a claim was filed seeking additional supplemental benefits from the date of MMI, January 24, 1986, and for additional supplemental benefits resulting from the alleged underpayment of those benefits for the years 1991 until January 10, 1993, the date of the claimant's death. The claim also sought additional attendant care benefits based upon an increased need by the claimant from September 25, 1987, through the date of his death, and also sought compensation for all attendant care provided by the claimant's wife and his daughter, at the market or agency rate, rather than the previously stipulated rate of $9.00 per hour.
Following a hearing on February 17, 1994, the JCC rendered the order presently appealed in which the JCC found that the claimant was entitled to 24 hours of attendant care from May 1, 1989, to October 1, 1989 and the E/C was ordered to reimburse the claimant's wife and daughter for their attendant care during that period at the market rate. The E/C was required to reimburse the claimant's wife for 12 hours of attendant care per day for the period from October 1, 1989, until July 1, 1990, and to reimburse the claimant's daughter for three hours of attendant care per day. Subsequent to July 1, 1990, and until the claimant's death on January 10, 1993, the E/C was ordered to reimburse the claimant's wife for the statutory maximum then in effect of 12 hours per day of attendant care. The JCC ruled that all attendant care provided from May 1, 1989, *110 until the claimant's death was required to be reimbursed at the agency rate for such services.
With respect to the claim for additional supplemental benefits, the JCC found, after reviewing all the medical evidence presented, that since the claimant was permanently and totally disabled from the date of maximum medical improvement, January 24, 1986, the E/C was responsible for and should have paid supplemental benefits commencing on January 1, 1987, rather than January 1, 1989, the date on which the E/C commenced payment of such benefits. The JCC also found that because the E/C improperly delayed commencement of payment of supplemental benefits, these benefits were underpaid for the years 1991, 1992, and 1993. This appeal followed.
We first address the E/C's argument that the JCC erred in awarding additional supplemental benefits based upon the finding that the claimant was PTD as of the date of his MMI, January 24, 1986, and remained PTD thereafter until the time of his death. The E/C point out, and correctly so, that in the prior order of December 10, 1986, the JCC specifically rejected the contention that the claimant was PTD, and instead, found that claimant was temporarily and totally disabled up until the date of MMI. Further, in the earlier order the JCC specifically found that rather than being PTD after that date, the claimant was in fact employable, and was found to have voluntarily limited his income subsequent to the date of MMI. It is clear that if the claimant was not PTD as of his MMI date, then supplemental benefits were not due and payable from that date, but would only be payable once the claimant was either accepted as PTD by the E/C, or judicially determined to be PTD by the JCC. Griffin v. Orlando Regional Medical Center, 578 So.2d 448 (Fla. 1st DCA 1991); Marvin v. Rewis Roofing, 553 So.2d 314 (Fla. 1st DCA 1989). By finding that the claimant was not PTD after his MMI date, because he was found to be able to perform some type of work, and had voluntarily limited his income, the JCC was precluded from subsequently finding, in the order on appeal, that the claimant was PTD on the date of MMI. Whether or not the claimant was actually PTD on some date earlier than May 30, 1988, the date on which the E/C accepted the claimant as PTD, but subsequent to the order of September 25, 1987[1] is a matter which we find it necessary to remand to the JCC for consideration and entry of an appropriate order.
With respect to the award of payment for attendant care furnished by the claimant's wife at the market or agency rate, we conclude that the JCC's order must be reversed because of a lack of justification for modifying the earlier order providing for a rate of $9.00 an hour for eight hours of care a day by the claimant's wife on a continuing basis. Due to the continuing nature of the order, the request to change the rate of pay for the claimant's wife must be viewed as a request for modification of an existing order. There is some authority for concluding that such an award may not be made retroactively, see Polk County Board of Commissioners v. Varnado, 576 So.2d 833, 841 (Fla. 1st DCA 1991). Moreover, the accepted grounds for a modification are either a change in the claimant's condition or a mistake in a determination of a fact in the earlier order. Fla.Stat. § 440.28 (1983). No change in condition is involved in a request to modify the rate of pay for the first eight hours per day attendant care provided by the claimant's spouse, and no mistake of fact was alleged or proven below.
We find that the JCC mistakenly applied this court's decision in Caron v. Systematic Air Services, 576 So.2d 372 (Fla. 1st DCA 1991), in declining to enforce the previous order providing a $9.00 hourly rate for the first eight hours of care daily provided by the claimant's wife. Although the JCC was correct in ruling that a request for increased attendant care benefits constitutes a new claim, rather than a petition for modification of a prior order, the request here was for a *111 change in the rate of compensation for attendant care services already provided, and must be regarded as a request for modification to the extent that it sought an increased rate of pay for services of the wife in those eight hours. Accordingly, it was error to grant a modification in the hourly rate for eight hours of the wife's services retroactively. As to the wife's attendant care in excess of eight hours a day, we agree that the JCC properly viewed this as a new claim, both as to the rate and the hours, since the prior order did not by its terms purport to cover services by the wife in excess of eight hours daily. The JCC did not abuse her discretion in refusing to apply the stipulated rate to services by the wife in excess of eight hours per day.
As to the claim for attendant care provided by Desiree Shore, the claimant's daughter, we do not find that the JCC abused her discretion in failing to apply the stipulated hourly rate in determining her compensation. The daughter was not providing attendant care at the time of the September 25, 1987, order approving the $9.00 hourly rate, and did so later only in response to the claimant's severely deteriorating condition, which necessitated a commensurate increase in care beyond that which the wife was able to provide alone. Under those circumstances, the JCC could properly have determined that the rate awarded in 1987 applied only to services provided by the wife. Accordingly, we affirm the award of attendant care benefits provided by the daughter at the market rate.
REVERSED in part, AFFIRMED in part, and remanded for further proceedings consistent with the foregoing opinion.
KAHN and DAVIS, JJ., and SMITH, Senior Judge, concur.
NOTES
[1] As previously noted, the September 25, 1987 order specifically incorporated by reference the findings of the order entered December 10, 1986.