ALLEN, Judge.
The claimant appeals a workers’ compensation order by which the judge denied a request for additional attendant care, and an increase in the rate of payment for a family member’s attendant care services. Because a continuing award of attendant care had been made in a prior order with payment at minimum wage, we affirm the denial of the request for an increased rate of payment as to those services. See Hardrives of Delray Inc. v. Stimely, 670 So.2d 108 (Fla. 1st DCA 1996). However, the prior order does not govern the request for additional care, or the rate of payment in connection therewith. Hardrives; see also Caron v. Systematic Air Services, 576 So.2d 372 (Fla. 1st DCA 1991). Nor would the rate of payment for any additional care be controlled by section 440.13(2)(e)l, Florida Statutes (1989), as that provision applies only if the family member is not employed. Frederick Electronics v. Pettijohn, 619 So.2d 14 (Fla. 1st DCA 1993); Buena Vida Townhouse Ass’n v. Parciak, 603 So.2d 26 (Fla. 1st DCA 1992). Although the judge found that the self-employed family member’s occupation is not a full time traditional endeavor, and that it encompasses sufficient flexibility to accommodate the claimant’s attendant care needs without altering the circumstances of the employment, these factors do not serve to invoke section 440.13(2)(e)l, as, the family member is still employed.
In the appealed order the judge did not directly address the evidence suggesting that the claimant has a bladder condition which may be requiring additional attendant care beyond the amount previously awarded. The record does not otherwise reflect the judge’s consideration of this evidence, and in accordance with cases such as Philpot v. City of Miami, 541 So.2d 680 (Fla. 1st DCA 1989), we reverse the appealed order insofar as it denies such additional care, and remand the case for further consideration or explication of the judge’s reasoning as to this matter. A remand is not obviated by the judge’s finding that the family member is not on call for attendant care during all of the evening hours, as the basis of this finding is not entirely clear and it may reflect a misapprehension regarding the necessary predicate for an on call attendant care award. As delineated in cases such as Builders Square v. Drake, 557 So.2d 115 (Fla. 1st DCA 1990), such an award is not precluded merely because the attendant also engages in other activities and is not physically ministering to the claimant during every moment that the attendant is on call.
The appealed order is affirmed in part and reversed in part, and the case is remanded.
KAHN and DAVIS, JJ., concur.