DAVIS, Judge.
Boynton Landscape and Liberty Mutual Insurance Company (employer and carrier respectively, hereinafter “e/c”), appeal an order in which the Judge of Compensation Claims modified a 1989 order setting the rate of pay for those of the claimant’s family members who provided attendant care while still employed outside the home, and granted a change in the rate of pay to claimant’s mother, who gave up her outside employment to take care of the claimant. We reverse that portion of the order which improperly modified the rate of pay for attendant care which was controlled by the earlier order, but affirm as to the rate of pay for attendant care provided by the mother after her change in employment status, which was not encompassed within the 1989 decision.
In December 1989, after a full hearing on the issue of the correct rate of pay for those of the claimant’s family members who were providing attendant care, an order was entered setting the rate of pay. That order expressly declined to retroactively modify the rate of pay and stated that it established the rate of pay “from the date of the order onward.” In ruling on the claimant’s 1992 claim for a change in the rate of pay to attendant care providers, the Judge of Compensation Claims (“JCC”) correctly determined that it would have been necessary that claimant seek to modify the 1989 order, due to the continuing nature of the award. See Hardrives of Delray, Inc. v. Stimely, 670 So.2d 108 (Fla. 1st DCA 1996). However, the JCC erred in granting modification under section 440.28, Florida Statutes, because the claimant failed to establish that modification is appropriate in this case. The sole basis for granting the modification was the JCC’s conclusion that a mistake of fact had been made when the 1989 order set the rate of pay at the federal minimum wage. Yet the error in the 1989 decision stemmed from an incorrect interpretation of the statute controlling the rates of pay to family members who provide attendant care. That was not a mistake of fact justifying a modification under section 440.28; it was a mistake of law, as this court made clear in Buena Vida Townhouse Assoc. v. Parciak, 603 So.2d 26 (Fla. 1st DCA 1992). See Hardrives of Delray, Inc. v. Stimely, supra; see also Vickers v. Unity of Lake Worth, no. 94-3021, — So.2d -[1996 WL 108424] (Fla. 1st DCA March 13, 1996).
The earlier order expressly set the rate of pay only for family'members who had not given up their outside employment to provide attendant care for the claimant. The e/c have conceded that the earlier order did not address the rate of pay for any family member who did give up outside employment and have conceded that the rate to be awarded for care provided by claimant’s mother after she left her outside employment was *153 tried below as a new claim. The JCC’s order erroneously recites that this new rate is also a modification of the 1989 order when it should have been treated as a new claim under Caron v. Systematic Air Services, 576 So.2d 372 (Fla. 1st DCA 1991). Nonetheless, competent substantial evidence supports the conclusion that the JCC acted correctly in setting a new rate of pay for the attendant care provided by claimant’s mother from the date she left her outside employment. Therefore, because the JCC reached the right result for the wrong reason, we affirm this portion of her order. Costanzo v. Pik 'N' Run No. 4, 654 So.2d 588, 590 (Fla. 1st DCA 1995), citing Greene v. Maharaja of India, Inc., 558 So.2d 461, 466 (Fla. 1st DCA), review denied mem., 567 So.2d 434 (Fla.1990).
Accordingly, the order of the JCC is affirmed in part and reversed in part.
ALLEN and KAHN, JJ., concur.