THOMPSON, J.,
dissenting.
I respectfully dissent. After reading the entire record, I find there is competent substantial evidence to support DPR’s final order. Moreover, I disagree that Barkap’s admissions were the only basis for a finding of the violation.
On three separate occasions in 1997 (19 March, 25 March, and 4 April), warnings were issued to Barkap for failure to have an approved smoke detector for the deaf and the hearing impaired on the premises. The devices are required by section 509.215(8), Florida Statutes.[1] After the third warning, DPR issued a notice to Barkap to show cause why sanctions should not be imposed. This notice was issued after the manager told DPR’s inspector in March that a smoke detector which would comply had been ordered, but that it had not arrived. The manager produced a work order from Olson Electric dated 25 March 1997 to show the efforts that had been made to obtain the specialized detector.
Barkap had two options after receiving the notice: request a formal hearing pursuant to section 120.57(1) to dispute the allegations in the administrative complaint; or, request an informal hearing pursuant to section 120.57(2) to present any explanation or mitigating circumstances. In this case, Bar-kap did not contest the allegation that no smoke detector for the deaf or hearing impaired was on the premises during the inspections. When notified of the proceedings and its options, Barkap selected the mitigation option. In the part of the form Barkap *1243 completed, it was requested to “provide a brief summary of your explanation or mitigating circumstances_” Barkap responded that “[w]e had extreme difficulty in locating this device. We now comply.” To support this statement, Barkap presented documents and correspondence to show how difficult it was to obtain a smoke detector for the deaf and hearing impaired but that Barkap now complied with the regulation. A document submitted showed the specialized smoke detector was purchased on 2 July 1997 and delivered to Barkap on 3 July 1997. DPR tried to negotiate a settlement by proposing a fine of $1,000, which Barkap refused. Thereafter, DPR issued an order imposing a fine of $750.
I agree with the majority that Barkap’s statement alone is ambiguous. However, after reading the written information Barkap submitted, along with Barkap’s statement, it is apparent that Barkap claimed it should receive consideration because of its efforts to locate and purchase the specialized fire detector. Moreover, Barkap wanted the fine eliminated or substantially decreased because of its efforts. DPR addressed this issue and wrote:
(c) Extraordinary or unusual circumstances beyond the licensee’s control which temporarily impaired the licensee’s ability to comply or substantially contributed to the violation for which discipline is being considered. There are no extraordinary or unusual circumstances that were beyond the Respondent’s control.
(d) Preventive, corrective or remedial actions implemented by the licensee, either prior to or after the violation. Remedial actions were taken by the licensee to correct the cited violation. Respondent ordered a hearing impaired smoke detector six days after being cited by the Division. However, this detector was not installed for several months thereafter. (Emphasis supplied.)
In a letter to DPR dated 22 August 1997, Barkap submitted mitigating documents and a copy of its request for an informal hearing. All of this information was before DPR in addition to Barkap’s written statement. Thus, there is a factual and legal basis for the order. I would affirm because there is competent substantial evidence to support the imposition of the fine in this case. See SKF Management v. Unemployment Appeals Com’n, 664 So.2d 345 (Fla. 5th DCA 1995); Heifetz v. Department of Business Regulation, Div. of Alcoholic Beverages & Tobacco, 475 So.2d 1277 (Fla. 1st DCA 1985); Hines v. Department of Labor & Employment Sec., 455 So.2d 1104 (Fla. 3d DCA 1984).

. "Specialized smoke detectors for the deaf and hearing impaired shall be available upon request by guests in public lodging establishments at a rate of at least one such smoke detector per 50 dwelling units or portions thereof, not to exceed five such smoke detectors per public lodging facility.”